# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6003 | **DATE** | March 18, 2003 |
| **CASE TITLE** | Livingston v. Village of Dolton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Defendants' motion to strike or dismiss certain allegations of Count I of the plaintiff's complaint and for a more definite statement as to other allegations in Count I (8-1) and to dismiss Counts II-III of the complaint (8-2), is granted in part and denied in part. Plaintiff may file an amended complaint by April 1, 2003. Defendants may plead to the amended complaint by April 15, 2003. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | MAR 2 0 2003 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |

Date/time received in central Clerk's Office (Reserved for use by the Court)

02-6003.031-JCD                                                    March 18, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**MAR 2 0 2003**

CHRISTOPHER LIVINGSTON,       )
                              )
    Plaintiff,            )
                              )
v.                            )   No. 02 C 6003
                              )
VILLAGE OF DOLTON, et al.,    )
                              )
    Defendants.           )

### MEMORANDUM OPINION

Before the court is defendants' motion to strike or dismiss certain allegations of Count I of plaintiff's complaint, for a more definite statement as to other allegations of Count I, and to dismiss Counts II and III of the complaint. For the following reasons, the motion is granted in part and denied in part.

### BACKGROUND

This is a civil rights action by plaintiff Christopher Livingston, a former employee of the Village of Dolton, Illinois (the "Village"), against the Village; its mayor, William "Bill" Shaw; the mayor's chief of staff, William Thomas; and several village trustees, James T. Jefferson, Garry M. Lambert, Ronnie C. Lewis, Willie L. Lowe, and Eva M. Nicholson. Plaintiff claims that he was demoted and transferred in retaliation for circulating nominating petitions for a candidate who was running against Mayor



Shaw (the incumbent) for the office of state senator of the 15th Legislative District of Illinois.

The complaint alleges the following facts, which we take as true for purposes of this motion. The Village hired plaintiff as a water meter reader in April 2000. Plaintiff was one of two Village water meter readers, and his supervisor was Judith Evans. He performed his job in a satisfactory manner. In June 2002, plaintiff circulated nominating petitions for Reverend James T. Meeks, plaintiff's pastor, for the office of state senator.[1] Plaintiff was the only Village employee who was circulating petitions for Meeks.

On July 8, 2002, defendant William Thomas informed plaintiff verbally that he would no longer be a water meter reader.[2] Instead, plaintiff was ordered to clean up the basement at Village Hall. Plaintiff had never before served as anything other than a meter reader and had never taken direction from or been supervised by Thomas. Plaintiff was not given an explanation for the abrupt modification of his duties. For thirteen days, plaintiff cleaned the basement, which contained clutter, trash, and rodents (both dead and alive).

---

[1] Meeks defeated Shaw in the election of November 2002. See Donna Freedman & Robert L. Kaiser, Fight Ends in Hug, Meeks Win, Chi. Trib., Nov. 6, 2002, at 19.

[2] As of that date, plaintiff had seniority over the Village's other water meter reader.

In a letter dated July 24, 2002, Thomas advised plaintiff that he was permanently assigned to the position of clerk in the Village Collector's Office, effective immediately. The letter also thanked plaintiff for completing his "temporary assignment" of "reorganiz[ing] the records storage facility for compliance with the Village of Dolton fire ordinances." (Complaint, Ex. C.) Plaintiff was given no training in clerical skills or cash handling, which were necessary skills for the clerk position, nor was he given a job description. On July 26, plaintiff wrote Thomas a letter requesting training in cash handling. (Id., Ex. A.) Thomas directed plaintiff to Judith Evans. (Id., Ex. B.) It is unclear from the complaint if plaintiff followed up on his request with Evans, but he alleges that he never received appropriate training. Many times, plaintiff requested (both orally and in writing) a copy of the Village's employee handbook from Brenda Ferguson, Director of Personnel. Ms. Ferguson told plaintiff that, while an employee handbook existed, plaintiff could not have a copy.

In his job as a clerk, plaintiff experienced "hostility and ridicule" from co-workers, which led to his embarrassment and humiliation. As a result of this ridicule and his changing job duties, plaintiff suffered sleeplessness, anxiety, stress, loss of appetite, depression, and headaches. He sought medical care and counseling and was diagnosed with clinical depression. Plaintiff's

physician directed him to take a leave of absence from his job, and plaintiff followed this advice.

Plaintiff alleges that defendants did not follow the Village's employee performance review and disciplinary procedures set out in the employee handbook and the rules of the Civil Service Commission before reassigning him to "less desirable and menial duties" and forcing him to "engage in duties that he [was not] properly trained to perform." (Id., ¶¶ 51, 57.) He claims that Mayor Shaw directed the reassignments in concert with Thomas, and that the remaining defendants had full knowledge of and acquiesced in the reassignments.

Plaintiff filed this action on August 22, 2002. The complaint sets forth the following claims: a § 1983 claim for violation of plaintiff's First and Fourteenth Amendment rights, and a claim for violation of the Illinois Local Governmental Employees Political Rights Act, 50 ILCS 135/1 et seq. (Count I); intentional infliction of emotional distress (Count II); and breach of contract (Count III). The defendants are sued in both their individual and official capacities. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees and costs.

Defendants now move to strike or dismiss, or for a more definite statement, with respect to various counts of the complaint.

**DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**A.   Count I (§ 1983 and State-Law Statutory Claims)**

**1.   § 1983 First Amendment Claim**

Count I of the complaint alleges that defendants violated plaintiff's First and Fourteenth Amendment rights. As to the First Amendment claim, defendants acknowledge that the complaint satisfies federal pleading standards. Nonetheless, defendants assert that "the complaint is so vague and ambiguous that the Defendants cannot reasonably prepare a response." (Defendants' Memorandum at 2-3.) Defendants are basically complaining that plaintiff failed to allege specific facts which establish the elements of his First Amendment claim. Under the liberal system of notice pleading envisioned by Federal Rule of Civil Procedure 8,

> complaints need not contain elaborate factual recitations. They are supposed to be succinct. . . . Any need to plead facts that, if true, establish each element of a "cause of action" was abolished by the Rules of Civil Procedure in 1938, which to signify the radical

> change from code pleading also replaced "cause of action" with "claim for relief." One pleads a "claim for relief" by briefly describing the events. At this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.

Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (citations omitted).

With these principles in mind, we reject defendants' argument and hold that plaintiff has sufficiently alleged a violation of his First Amendment rights. Plaintiff has at least generally alleged that the defendants demoted or transferred him in retaliation for his political speech. As the foregoing paragraph makes clear, the Federal Rules do not require a plaintiff to allege specific facts which "establish" each element of a claim for relief. Rather, the complaint need only inform a defendant of the charge against him by concisely narrating the incident or incidents in question. The complaint in this case provides adequate notice to the defendants of the nature of plaintiff's First Amendment claim. Using the "imagination" test outlined *supra*, we can hypothesize facts consistent with the complaint that would make out a claim for relief. Therefore, we will deny the motion for a more definite statement regarding plaintiff's First Amendment claim.

### 2. **State-Law Statutory Claim**

Count I also alleges that defendants violated the Illinois Local Governmental Employees Political Rights Act, 50 ILCS 135/1 *et seq.* (the "Employees Political Rights Act"). Defendants argue that

the complaint does not satisfy Illinois' fact pleading requirements with respect to this claim. However, it is well established that <u>federal</u> notice pleading requirements are applicable in a federal case even when the claim pleaded arises under state law. See Muick v. Glenayre Elecs., 280 F.3d 741, 743 (7th Cir. 2002). Although Illinois courts have not construed the Employees Political Rights Act, the statute provides in relevant part: "(a) No unit of local government or school district may make or enforce any rule or ordinance that in any way inhibits or prohibits any of its employees from exercising the employee's political rights. (b) No employee of a unit of local government . . . may (i) use his or her official position of employment to coerce or inhibit others in the free exercise of their political rights." 50 ILCS 135/10. The facts alleged in plaintiff's complaint give the defendants adequate notice of this claim. Therefore, we will also deny the motion for a more definite statement as to plaintiff's Employees Political Rights Act claim.

### 3. § 1983 Fourteenth Amendment Claim

Plaintiff claims that he was deprived of due process when he was demoted and forced to perform job duties he was not trained to perform, without being afforded the disciplinary procedures set forth in the Village's employee handbook and rules of the Civil

Service Commission.³ Defendants contend that plaintiff has failed to state a claim for violation of due process because he has not alleged that he has a protectable interest or entitlement and therefore deserved due process. Defendants argue that the handbook and rules specifically state that Village employees are at-will employees, and thus, plaintiff had no protectable property right in his job.

We must first address the matter of the employee handbook and Civil Service Commission rules, which were not attached to the complaint. Defendants have attached the handbook and rules as Exhibits B and C to their motion to dismiss. While plaintiff was under no obligation to attach the handbook and rules to the complaint (and indeed, he could not if, as he claims, he does not have copies of them), documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431-32 (7th Cir. 1993). Plaintiff refers to the handbook and rules in the complaint, and they are central to his claims. Therefore, we can consider those documents without converting defendants' motion into a motion for summary judgment.

---

³⁄ Plaintiff alleges that his employment with the Village was "governed" by the handbook and rules. (Complaint, ¶ 77.)

Plaintiff argues that we still should not consider the handbook and rules because "the authenticity and relevance" of these documents "are in dispute." (Plaintiff's Memorandum in Opposition at 11.) However, plaintiff fails to adequately support this argument. As to the question of authenticity, attached to plaintiff's response is his affidavit stating the following:

> 4. [D]uring my tenure [with the Village], the documents that were shown to me as the Employee handbook and the "Rules of [sic] Regulations of the Village of Dolton Civil Service Commission" were NOT the documents Defendant's [sic] have attached as Exhibits B and C of their motion to strike and dismiss.
> 5. I have never seen those documents designated as Exhibits B and C while employed with the Village of Dolton.
> 6. I am not aware of any other individuals employed by the Village of Dolton that were given Defendants' Exhibits B and C.
> 7. That the first time I was presented the documents designated as Defendants' Exhibits B and C was when I reviewed them in connection with the preparation of my defense to Defendants' Motion to Strike and Dismiss.
> 8. That on or about July 26, 2002, I requested a copy of the Village of Dolton Employee Handbook; my request was denied.

(Affidavit of Christopher Livingston, ¶¶ 4-8.) The problem with plaintiff's affidavit is that he does not describe how the documents that were shown to him (by whom, he fails to specify) differed from the handbook and rules provided by defendants. Accordingly, we have no basis for concluding that defendants' exhibits are not authentic. As for relevance, it is difficult to understand why plaintiff argues that there is a relevance issue

regarding the handbook and rules, as they are the crux of plaintiff's claims.

We return to the issue of whether plaintiff has alleged a protectable Fourteenth Amendment property interest in his job. The Supreme Court instructs us to examine state law to determine whether "a person's interest in continued employment qualifies as a legally-protected property interest." Border v. City of Crystal Lake, 75 F.3d 270, 273 (7th Cir. 1996). A property interest in a job can arise from statute, regulation, ordinance, or an express or implied contract--those "rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id. Promises made in an employee handbook sometimes can give rise to a legitimate claim of entitlement sufficient to be protected as a property interest. See Campbell v. City of Champaign, 940 F.2d 1111, 1112 (7th Cir. 1991). The critical question under a due process analysis is whether the employee handbook or rules can fairly be interpreted as promising plaintiff that his job was secure provided there was no misconduct. See id.

Because plaintiff was employed in Illinois, we look to Illinois law to determine whether he had a protectable property interest in his job. In Duldulao v. Saint Mary of Nazareth Hospital Center, 505 N.E.2d 314, 318 (Ill. 1987), the Illinois Supreme Court held that an employee handbook or other statement confers contractual rights, but only if three classic contractual

requirements are met. First, the language of the handbook or statement must contain a promise clear enough that an employee would reasonably believe it to be an offer. Second, it must also be shown that the employee received the statement, was aware of the language, and believed it to be an offer. Third, there must be some act constituting acceptance of the offer, such as commencing or continuing to work upon learning of the statement. See id.

The employee handbook and Civil Service Commission rules fail to satisfy even the first prong of the Duldulao test. The employee handbook states that it "is not a contract, nor is it intended to create a contract of employment." (Defendants' Memorandum, Ex. B, Village of Dolton Policy and Procedures Manual, at 2.) It further states:

> 1.1 Nature of Employment
>
> Employment with the Village is voluntarily entered into, and the employee is free to resign at will at any time, with or without cause. Similarly, the Village may terminate the employment relationship at will at any time, with or without notice or cause, so long as there is no violation of applicable federal or state law.
>
> Policies set forth in this handbook are not intended to create a contract, nor are they to be construed to constitute contractual obligations of any kind or a contract of employment between the Village and any of its employees. The provisions of the handbook have been developed at the discretion of management and, except for its policy of employment-at-will, may be amended or canceled at any time, at the Village's sole discretion.

(Id., Ex. B, at 6.) The handbook further provides that "the right to terminate the employment relationship at will at any time is

retained by both the employee and the Village." (Id., Ex. B, at 14.) At page 47, the handbook also states:

> The Village operates under the principle of at-will employment. This means that neither you nor the Village has entered into a contract regarding the duration of your employment. You are free to terminate your employment with the Village at any time, with or without reason. Likewise, <u>the Village has the right to terminate your employment, or otherwise discipline, transfer, or demote you at any time, with or without reason, at the discretion of the Village</u>.

(Id., Ex. B, at 47 (emphasis added).) Although the Civil Service Commission rules do not contain any similar disclaimers, the rules do not contain any language that could constitute a promise of employment, much less a clear promise, to an employee. The fact that both the handbook and the rules set forth progressive disciplinary procedures does not give rise to a property right within the meaning of the due process clause. See Campbell, 940 F.2d at 1112-13.

Plaintiff also fails to meet the second and third prongs of Duldulao. He alleges that he never received a copy of the handbook and rules; thus, the requirements that plaintiff received the statements, was aware of their language, and believed them to be offers, and commenced or continued work thereafter, are not satisfied.

For all of these reasons, plaintiff fails to allege a protectable property interest in his job, and therefore fails to state a § 1983 Fourteenth Amendment claim. Plaintiff argues in his

response that his claim is not merely for a "right to procedure," but fails to explain what this statement means or what other right he had that was protected by the Fourteenth Amendment. We speculate that he means that he is claiming a property interest in his job, or the specific position he held as water meter reader, but as explained <u>supra</u>, he had no protectable right to a particular job, or even to any job, with the Village. Accordingly, plaintiff's § 1983 claim for violation of the Fourteenth Amendment is dismissed.

### 4. Separate Counts

Thus, what remains of Count I are the § 1983 claim for violation of plaintiff's First Amendment rights and the state-law Employees Political Rights Act claim. Each of these claims should have been alleged in a separate count. Federal Rule of Civil Procedure 10(b) states, in pertinent part, that "[e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." In keeping with the rule, the courts have required a separate count for each distinctive statutory, constitutional, or common law claim. See <u>Casler v. Janus</u>, No. 97 C 5049, 1998 WL 151811, at *1 (N.D. Ill. Mar. 26, 1998). There are two purposes for requiring separate counts: (1) to give fair notice to the defendants of the claims against them; and (2) to enable the court to grant relief on an

entire count, not just part of a count. See id. Therefore, we will dismiss Count I with leave to replead the § 1983 claim and the state-law claim in separate counts.

## B. Count II (Intentional Infliction of Emotional Distress Claim)

Defendants contend that plaintiff fails to state a claim for intentional infliction of emotional distress. According to defendants, the complaint does not allege "extreme and outrageous" conduct; that defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so; or that defendants' conduct actually caused severe emotional distress.

We do not agree with defendants regarding plaintiff's allegations of defendants' conduct or causation of severe emotional distress. It does not appear beyond doubt that plaintiff can prove no set of facts regarding these elements of his claim. He alleges that defendants transferred or demoted him in retaliation for his political conduct and speech, and he alleges that defendants' conduct caused emotional distress which could be considered severe. The complaint adequately puts defendants on notice of these elements of plaintiff's claim.[4]

However, plaintiff wholly fails to allege that defendants intended to inflict severe emotional distress or knew that there

---

[4] The Seventh Circuit has acknowledged that, under the liberal federal system of notice pleading, plaintiff is not obliged to allege every action that he claims inflicted emotional distress. See Cook v. Winfrey, 141 F.3d 322, 331 (7th Cir. 1998).

was a high probability that their conduct would do so. Even a bare-bones allegation would suffice, but plaintiff has failed to include such an allegation. Therefore, Count II is dismissed with leave to replead if plaintiff can allege intent.

C.  **Count III (Breach of Contract Claim)**

Plaintiff alleges that the Village's employee handbook and rules constituted an employment contract and that defendants breached that contract by demoting and transferring him. For the reasons stated <u>supra</u> section A.3 of this opinion, it is clear that the employee handbook and rules did not create an employment contract. Therefore, Count III must be dismissed.

## CONCLUSION

Defendants' motion to strike or dismiss certain allegations of Count I of plaintiff's complaint, for a more definite statement as to other allegations of Count I, and to dismiss Counts II and III of the complaint is granted in part and denied in part.

Defendants' motion to strike or dismiss plaintiff's § 1983 claim for violation of the Fourteenth Amendment is granted. Defendants' motion is denied as to the request for a more definite statement of plaintiff's § 1983 First Amendment claim and plaintiff's Employees Political Rights Act claim. However, Count I is dismissed <u>sua sponte</u> with leave to replead the § 1983 First Amendment claim and the state-law claim in separate counts.

Defendants' motion to dismiss Counts II and III of the complaint is granted. Plaintiff may replead Count II if he can allege intent.

Plaintiff may file an amended complaint by April 1, 2003. Defendants may plead to the amended complaint by April 15, 2003.

DATE: March 18, 2003

ENTER: _____
John F. Grady, United States District Judge